■ SANDRA CAMPBELL, Appellant, v MABEL M. FISCHETTI, Respondent. [5 NYS3d 79]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 13, 2013, which, in an action for personal injuries sustained when plaintiff pedestrian was struck by defendant's vehicle, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established entitlement to judgment as a matter of law by showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Defendant submitted, inter alia, the affirmed report of an orthopedist who determined that plaintiff's knee replacement surgery was necessary due to her preexisting osteoarthritis, and not the accident (see Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]). Defendant also relied on plaintiff's deposition testimony in which she admitted that she was diagnosed with arthritis in her left knee in the early 1990s, and that she walked with a cane before the accident.

Furthermore, an X ray taken on the accident date revealed that plaintiff had sustained only a contusion, and had chronic degenerative changes with severe medial joint space narrowing.

In opposition, plaintiff failed to raise a triable issue of fact. Her orthopedic surgeon diagnosed her with left knee osteoarthritis before and after surgery, and provided "no objective basis or reason, other than the history provided by plaintiff," in support of his opinion that the accident was causally related to the knee surgery nine months later (*see Farmer* at 562 [internal quotation marks omitted]). Moreover, plaintiff failed to provide evidence of any injuries that were different from her preexisting arthritic condition (*see Kamara v Ajlan*, 107 AD3d 575, 576 [1st Dept 2013]).

Regarding the 90/180-day claim, plaintiff admitted at her deposition that, although she was allegedly restricted for four to six months following the accident, she was "not really confined," and none of her medical records indicated that she was unable to perform her normal and customary activities. Plaintiff never supplemented her bill of particulars to specify these activities, or to state how long she was prevented from performing them (*see Copeland v Kasalica*, 6 AD3d 253 [1st Dept 2004]). Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.