■ MERIAM AFLALO, Appellant, v LEOPETER ALVAREZ, Respondent, et al., Defendant. [31 NYS3d 866]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 7, 2015, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Leopeter Alvarez for summary judgment dismissing the claims of serious injury resulting in "significant" or "permanent consequential" limitation of use of plaintiff's knees within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Plaintiff alleges that she suffered a left knee injury and

exacerbation of a right knee condition as a result of a motor vehicle accident. Defendant established, prima facie, that plaintiff did not sustain serious injury to either knee by submitting the affirmed report of an orthopedist, who found normal ranges of motion and negative test results, and diagnosed resolved sprains in both knees (*see Holmes v Brini Tr. Inc.*, 123 AD3d 628 [1st Dept 2014]; *Gibbs v Hee Hong*, 63 AD3d 559 [1st Dept 2009]). The orthopedist noted that plaintiff did not disclose any preexisting conditions and that he had reviewed post-accident medical records only. Defendant also submitted the transcript of plaintiff's deposition, where she testified that she had been diagnosed and treated for arthritis in her right knee months before the motor vehicle accident.

In opposition, plaintiff failed to raise an issue of fact as to either her left knee or her right knee. As to her alleged left knee injury, her medical expert found only slight limitations in range of motion, which are insufficient for purposes of Insurance Law § 5102 (d) (*see Moore v Almanzar*, 103 AD3d 415 [1st Dept 2013]; *Haniff v Khan*, 101 AD3d 643 [1st Dept 2012]). It is noted that the MRI report of plaintiff's radiologist, which compared MRIs taken before and after the accident, did not provide evidence of any injuries that were distinct from her preexisting condition (*see Campbell v Fischetti*, 126 AD3d 472, 473 [1st Dept 2015]). Her medical expert also failed to adequately explain or describe the tests he used to measure the range of motion limitations that he found during his examination of plaintiff (*see Gorden v Tibulcio*, 50 AD3d 460, 464 [1st Dept 2008]). Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.