■ Jose A. Marino, Appellant, v Richard Amoah, Respondent. [38 NYS3d 893]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered November 25, 2015, which granted defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant established that plaintiff did not suffer a serious injury to his lumbar spine or right knee as a result of the motor vehicle accident at issue by submitting, inter alia, the affirmed reports of a radiologist and an orthopedist. The radiologist opined that the MRI of the lumbar spine revealed multilevel degenerative disc disease and hypertrophy, and that the MRI of the right knee showed no evidence of traumatic injury (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). In addition, the orthopedist opined, upon review of plaintiff's medical records, that there was no injury to plaintiff's right knee that was causally connected to the accident.

In opposition, plaintiff failed to raise a triable issue of fact as to whether his lumbar spine condition was causally related to the accident because none of his medical experts addressed or explained the finding of preexisting degeneration present in his own medical records, including the operative report that plaintiff submitted which diagnosed degenerative disc disease. His orthopedist opined, based on plaintiff's medical history, that the accident exacerbated a chronic condition, but failed to explain why the degeneration shown in his own medical records was not the cause of his lumbar spine condition (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]; Alvarez, 120 AD3d at 1044). Thus, the orthopedist provided "no objective basis or reason, other than the history provided by plaintiff," to opine that the accident aggravated the lumbar condition (Shu Chi Lam v Wang Dong, 84 AD3d 515, 516 [1st Dept 2011]), or that any injuries were different from his preexisting degenerative conditions (see Campbell v Fischetti, 126 AD3d 472 [1st Dept 2015]).

Regarding plaintiff's right knee, defendant's orthopedist found that plaintiff's own treating surgeon found normal range of motion shortly after the accident. While other physicians who later examined plaintiff found deficits in right knee range of motion, plaintiff's expert, who opined that plaintiff's torn menisci were causally related to the accident, failed to reconcile the later findings of deficits with the earlier findings of normal range of motion (*see Colon v Torres*, 106 AD3d 458, 459 [1st Dept 2013]; *Dorrian v Cantalicio*, 101 AD3d 578 [1st Dept 2012]).

Dismissal of plaintiff's 90/180-day claim was also appropriate since he did not provide medical evidence that supported a finding of a medically determined injury caused by the accident (*see Barry v Arias*, 94 AD3d 499, 500 [1st Dept 2012]). Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.