■ Germania Bobbio et al., Appellants, v Amboy Bus Co. Inc. et al., Respondents. [39 NYS3d 767]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 28, 2015, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants made a prima facie showing that plaintiff Germania Bobbio did not sustain a serious injury to her cervical spine as a result of the motor vehicle accident by submitting the affirmed reports of their neurologist, who found no objective neurological disability or permanency and full range of motion (*see Birch v 31 N. Blvd., Inc.*, 139 AD3d 580 [1st Dept 2016]; *Mayo v Kim*, 135 AD3d 624 [1st Dept 2016]). Their orthopedist's finding of minor limitations in range of motion does not defeat this showing (*see Stephanie N. v Davis*, 126

AD3d 502, 502 [1st Dept 2015]). Defendants also relied on plaintiff's deposition testimony that she had been found to be disabled as a result of a neck condition more than six years before the subject accident, thereby shifting the burden to plaintiff to demonstrate a causal connection between the accident and her claimed cervical injury (*see Brewster v FTM Servo, Corp.*, 44 AD3d 351 [1st Dept 2007]).

In opposition, plaintiff failed to raise an issue of fact as to causation or aggravation of the preexisting condition of her cervical spine. Her orthopedist acknowledged that an MRI of the cervical spine taken four years before the accident showed a preexisting condition, but he provided no objective basis, only the history supplied by plaintiff, for his opinion that the accident exacerbated the preexisting condition (*see Campbell v Fischetti*, 126 AD3d 472, 473 [1st Dept 2015]). Plaintiff offered no evidence of any injuries different from her preexisting condition, and her orthopedist failed to explain why her preexisting conditions were ruled out as the cause of her current alleged injuries (*see Garcia v Feigelson*, 130 AD3d 498 [1st Dept 2015]; *Campbell v Fischetti*, 126 AD3d at 473). Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.