(April 11, 2017)

■ JULIO C. SANCHEZ et al., Respondents, v STEPHANIE A. STEELE et al., Appellants. [52 NYS3d 88]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 28, 2015, which denied defendants' motion for summary judgment dismissing the complaint on the serious injury threshold of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendants made a prima facie showing that plaintiff Julio Sanchez (plaintiff) did not suffer a serious injury causally related to the subject motor vehicle accident, which occurred in May 2010, but had preexisting lumbar disc herniations, for which he received treatment after an earlier motor vehicle accident, in January 2009. Defendants' radiologist compared MRI films of plaintiff's lumbar spine taken before and after the subject accident, and concluded that there was no evidence of any injury caused by that accident or of any exacerbation of plaintiff's preexisting conditions (see Garcia v Feigelson, 130 AD3d 498 [1st Dept 2015]). Defendants' orthopedist reviewed plaintiff's medical records, which indicated that plaintiff complained of worsening low back pain that began in March 2010, before the subject accident, and that his physician had advised him in July 2009 to undergo a discectomy.

The motion court providently exercised its discretion in accepting plaintiffs' untimely opposition papers, since defendants did not demonstrate any prejudice and were able to submit reply papers on the motion (see Serradilla v Lords Corp., 117 AD3d 648, 649 [1st Dept 2014]). However, plaintiffs' submissions were insufficient to raise a triable issue of fact as to whether the subject accident exacerbated the condition of plaintiff's lumbar spine, resulting in the need for the surgery that he underwent about two months after the accident, in July 2010.

Plaintiffs' expert orthopedist, who examined plaintiff five years after the subject accident, failed to explain, in a specific and nonconclusory manner, how the accident exacerbated plaintiff's preexisting lumbar spine condition, for which plaintiff's own MRI reports and medical records showed that surgery had been recommended before the accident (*see Marino v Amoah*, 143 AD3d 541 [1st Dept 2016]). The expert provided no objective basis or reason, other than the history related to him by plaintiff, for his opinion that the accident exacerbated the preexisting condition of plaintiff's lumbar spine (*see id.* at 541; *Campbell v Fischetti*, 126 AD3d 472, 473 [1st Dept 2015]). Nor did he provide a basis for determining the extent of any exacerbation of plaintiff's prior injuries (*see Brand v Evangelista*, 103 AD3d 539, 540 [1st Dept 2013]).

Defendants' showing that plaintiff did not suffer any injuries causally related to the subject accident and plaintiffs' failure to raise an issue of fact as to causation require dismissal of the 90/180-day claim (*see Nakamura v Montalvo*, 137 AD3d 695 [1st Dept 2016]).

The motion court erred in considering evidence of injury to plaintiff's cervical spine in opposition to defendants' motion, because plaintiffs did not plead a cervical spine injury in their bill of particulars (*see Boone v Elizabeth Taxi, Inc.*, 120 AD3d 1143, 1144 [1st Dept 2014]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.