■ Andy Mark Lindo, Appellant, v Denise Bellamy Brett, Defendant, and Metropolitan Transit Authority et al., Respondents. [52 NYS3d 308]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 1, 2015, which, inter alia, granted the motion of defendants Metropolitan Transportation Authority (s/h/a as Metropolitan Transit Authority) and MTA Bus Company (together the moving defendants) for summary judgment dismissing the complaint as against all defendants on the threshold issue of serious injury under Insurance Law § 5102 (d), and denied plaintiff's motion to, among other things, amend the complaint to plead proper compliance with Public Authorities Law § 1276 (1) and General Municipal Law § 50-e, unanimously modified, on the law, to reinstate the complaint as against MTA Bus Company and defendant Denise Bellamy Brett, and to grant the motion to amend the complaint and

deem the amended complaint timely served nunc pro tunc, and otherwise affirmed, without costs.

Plaintiff alleges that he sustained serious injuries to his cervical spine, lumbar spine, right shoulder, and right knee as a result of a collision, on November 4, 2011, between the car he was driving and a vehicle operated by MTA Bus Company. Metropolitan Transportation Authority and MTA Bus Company moved for summary judgment dismissing the complaint on the ground that, among other things, plaintiff could not satisfy the serious injury threshold. In support, they submitted, inter alia, the affirmed reports of neurologist Iqbal Merchant, M.D. and radiologist Lewis M. Rothman, M.D. Dr. Merchant conducted a physical examination of plaintiff on April 3, 2014. He observed normal ranges of motion in plaintiff's lumbar and cervical spines, diagnosed him with resolved sprains/strains in those areas, and opined that he was not disabled and could perform all of his daily activities. Dr. Merchant did not examine plaintiff's right shoulder or knee and offered no opinion as to those claimed injuries.

Dr. Rothman reviewed MRIs of plaintiff's cervical and lumbar spines taken within approximately one and two months of the accident, respectively. Regarding the former, he observed disc desiccation throughout, and osteophyte formations at C4-C5, C5-C6, and C6-C7. There was a minimal disc bulge at C6-C7, but no evidence of acute disc herniation. He concluded that plaintiff suffered from "chronic degenerative disc disease." As to the lumbar spine, Dr. Rothman noted disc desiccation throughout, especially at L5-S1, as well as disc space narrowing, and a small herniation at L5-S1. He concluded that plaintiff suffered from degenerative disc disease. Dr. Rothman also reviewed an MRI of plaintiff's right shoulder taken less than one month after the accident. He noted that there was no evidence of fracture, a minimal hypertrophic change at the AC joint with impingement on the, supraspinatus, an intact glenohumeral joint, and no evidence of tears to the labrum or rotator cuff. Finally, he reviewed an MRI of plaintiff's right knee taken less than two weeks after the accident, and stated that all ligaments and menisci appeared intact, and that there was no evidence of any tears.

Based on the foregoing, the moving defendants argued that they had satisfied their prima facie burden of establishing that plaintiff had not sustained a permanent consequential limitation to the parts of his body alleged in his verified bill of particulars. They further posited that plaintiff did not satisfy the 90/180-day category of Insurance Law § 5102 (d), citing de-

position testimony from plaintiff in which he acknowledged that he only missed two weeks of work as a barber after the accident. In addition, the moving defendants claimed that plaintiff's claim should be barred by the fact that, at the time of his deposition, he had not treated for his injuries in two years, and had no current appointments to see a doctor.

The moving defendants cited additional grounds for dismissal. Metropolitan Transportation Authority argued that, aside from being misnamed, it did not own the vehicle that collided with plaintiff's car, and submitted an affidavit from an employee of MTA Bus Company stating that MTA Bus Company owned the vehicle and was a separate and distinct entity from Metropolitan Transportation Authority. The moving defendants also argued that the complaint failed to comply with Public Authorities Law § 1276 (1), which requires a complaint against a public authority to allege that thirty days have elapsed since service of a notice of claim on the authority and that the authority has refused to pay the claim.

In opposition to the moving defendants' motion, plaintiff submitted the affirmed report of Dr. Dmitry Zhukovski, D.O., dated November 14, 2011, 10 days after the accident, the same date that Dr. Zhukovski conducted a physical examination of plaintiff. On that date, Dr. Zhukovski observed restricted ranges of motion in plaintiff's cervical spine, lumbar spine, right shoulder, and right knee. He opined that, based on the medical history related to him by plaintiff and the results of his physical examination, "the conditions described above are solely related to and have direct cause relationship [sic] to the accident mentioned above." While his clinical assessment was of sprains and contusions to the relevant body parts, Dr. Zhukovski did allow for the possibility that "these areas may be permanently weakened for an indefinite period of time resulting in significant and permanent restricted mobility."

Plaintiff also submitted the affirmation of Dr. Vladimir Gressel, M.D., who conducted a physical examination of plaintiff on December 22, 2014. Dr. Gressel found limited ranges of motion in all of the body parts at issue. He concluded, based on the history provided by plaintiff and a review of available medical records, that plaintiff's injuries were causally related to the accident and traumatically induced. He opined that plaintiff was partially permanently disabled and that his impairments would predispose him to future difficulties. Regarding the part of the moving defendants' motion that was to dismiss as against Metropolitan Transit Authority and MTA Bus Company, plaintiff cross-moved to amend the complaint to include the allegations necessary to comply with Public Authorities Law § 1276 (1).

The court granted the moving defendants' motion, and dismissed the complaint as against them as well as against Denise Bellamy Brett, the driver of the MTA Bus Company vehicle, who had not moved for summary judgment. The court found that Dr. Zhukovski's exam did not establish permanency and that Dr. Gressel's affirmation was not probative as to causation. The court did not comment on whether the injuries themselves would qualify under any of the serious injury categories. The court also denied plaintiff's cross motion, presumably on the basis that it was academic.

The moving defendants satisfied their prima facie burden on their motion for summary judgment by presenting the affirmed reports of Dr. Merchant and Dr. Rothman. While Dr. Merchant did not address plaintiff's right knee or his right shoulder, Dr. Rothman read MRIs taken shortly after the accident, which he interpreted as showing normal conditions in the knee, minimal hypertrophic change in the shoulder, and chronic degenerative disc disease in the lumbar and cervical spines. Accordingly, the burden shifted to plaintiff to rebut the moving defendants' proof on both causation and permanence (see Rickert v Diaz, 112 AD3d 451, 451-452 [1st Dept 2013]; Paduani v Rodriguez, 101 AD3d 470, 470 [1st Dept 2012]).

The moving defendants argue that plaintiff failed to raise an issue of fact as to causation because Dr. Gressel failed to rebut Dr. Rothman's findings of degenerative changes in plaintiff's spine. In making this claim, the moving defendants, like the motion court, ignore that Dr. Zhukovski gave a very clear opinion as to causation, having examined plaintiff only 10 days after the accident, observed his injuries, and heard from plaintiff that he had no medical history suggesting that the injuries were due to a cause separate and apart from the motor vehicle accident. This was sufficient to raise an issue of fact (see Williams v Tatham, 92 AD3d 472, 473 [1st Dept 2012]).

The moving defendants further argue that Dr. Zhukovski's report was insufficient to raise an issue of fact as to permanency. Again like the motion court, this ignores the findings of permanency in Dr. Gressel's report. Indeed, it would have been difficult, only 10 days after the accident, for Dr. Zhukovski to have concluded, within a reasonable degree of medical certainty, that the injuries sustained by plaintiff were permanent. In any event, Dr. Zhukovski expressly stated that he could not rule out that plaintiff's condition would ultimately prove to be permanent. As for Dr. Gressel's report, it was sufficient to raise an issue of fact as to permanency, insofar as it noted recent restricted ranges of motion in the affected body parts, and was

based on objective testing such as a positive finding for the straight leg raising test, which this Court has found to be sufficient to defeat summary judgment (*see Osborne v Diaz*, 104 AD3d 486, 487 [1st Dept 2013]).

We reject the moving defendants' argument regarding a so-called unexplained gap in treatment. The moving defendants failed to shift the burden on this issue, because they submitted no evidence that, at the time plaintiff stopped treatment, his doctor continued to believe that plaintiff would actually benefit from any further treatment (*compare Nicholas v Cablevision Sys. Corp.*, 116 AD3d 567, 568 [1st Dept 2014] ["plaintiff failed to offer a reasonable explanation for ceasing treatment, despite her physicians' recommendations of further treatment"]). In fact, plaintiff testified at his General Municipal Law § 50-h hearing that at his last appointment his doctor had told him he was not "doing too good" and that there was a possibility he would need surgery to make his pain "stop for good." Accordingly, there is a question whether plaintiff was justified in ceasing treatment because it was no longer efficacious, which makes irrevelant whether plaintiff's wife's insurance would have paid for further treatment.

Plaintiff's deposition testimony that he missed two weeks of work after the accident defeats his 90/180-day claim (*see Roldan v Conti*, 137 AD3d 507, 508 [1st Dept 2016]).

Although plaintiff raised an issue of fact on the threshold ground discussed above, the moving defendants' motion was properly granted as to Metropolitan Transportation Authority. The affidavit from the MTA Bus Company employee established that the vehicle involved in the accident was owned by it, and that MTA Bus Company is a separate and distinct entity from Metropolitan Transportation Authority. Accordingly, the latter could not be liable for the accident (*see Towbin v City of New York*, 309 AD2d 505, 505-506 [1st Dept 2003]).

However, plaintiff is entitled to amend his complaint to include language pleading compliance with the notice of claim requirements of Public Authorities Law § 1276 (1) and General Municipal Law § 50-e. Leave to amend a pleading " 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; CPLR 3025 [b]). "To establish prejudice, which must be significant, there must be some indication that the opposing party will have been hindered in the preparation of its case or prevented from taking some measure to support its position" (*Spitzer v Schussel*, 48 AD3d 233, 233 [1st Dept 2008] [citation omitted]).

Here, allowing plaintiff to amend the complaint to allege that he filed a notice of claim and that no payment was made would not prejudice MTA Bus Company and its driver. The record conclusively shows that MTA Bus Company had notice of plaintiff's claim prior to the commencement of the action due to its appearance at a section 50-h hearing (*see D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.