■ COURTNEY TAYLOR, Appellant, v LORENZO DELGADO et al., Respondents. [63 NYS3d 366]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 5, 2016, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claim of permanent consequential and significant limitations of use of the lumbar spine and the 90/180-day claim, and otherwise affirmed, without costs.

Defendants established that plaintiff did not suffer a serious injury to her lumbar spine or right knee as a result of the motor vehicle accident at issue by submitting the affirmed reports of a radiologist and orthopedist. The radiologist opined that the MRI of the lumbar spine showed a herniation associated with underlying degenerative disc disease and that the MRI of the right knee revealed a tilted patella causing degeneration (see Lindo v Brett, 149 AD3d 459 [1st Dept 2017]). The orthopedist opined that plaintiff's lumbar spine surgery was due to her pre-existing spine condition, consistent with her age, weight and MRI findings, and was not caused by the subject accident, and that the knee condition also was unrelated to the accident (see Nicholas v Cablevision Sys. Corp., 116 AD3d 567 [1st Dept 2014]). Defendants also submitted the MRI reports of plaintiff's own radiologist, who also found evidence of degenerative disc disease in the lumbar spine and a lateral tilting patella, thus shifting the burden to plaintiff to address and explain the medical evidence of preexisting conditions (see Rivera v Fernandez & Ulloa Auto Group, 123 AD3d 509 [1st Dept 2014], affd 25 NY3d 1222 [2015]).

In opposition, plaintiff raised an issue of fact as to a serious lumbar spine injury causally related to the accident through affirmed reports of an expert physiatrist, who measured severe, recent limitations in range of motion, and her orthopedic surgeon, who opined, based on his observations in surgery and review of plaintiff's medical history, that the disc herniation was caused by the accident (see Aviles v Villapando, 112 AD3d 534 [1st Dept 2013]). The surgeon specifically addressed the MRI films, which he reviewed, and opined that certain objec-

tive evidence of degeneration was missing both from the MRI films and his observations during surgery. He also addressed the evidence that plaintiff had on one previous occasion sought treatment for back pain, which improved, opining that that was not evidence of a preexisting lumbar condition.

Plaintiff failed to present medical evidence sufficient to raise an issue of fact whether her right knee conditions are causally related to the accident. Thus, she cannot recover for any right knee injury, regardless of whether her lumbar spine injury is found to constitute a serious injury (*Hojun Hwang v Doe*, 144 AD3d 507 [1st Dept 2016], citing *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

In addition to submitting evidence that her lumbar injury was causally related to the accident, plaintiff submitted evidence of "a medically determined injury or impairment of a non-permanent nature," thereby raising an issue of fact whether she sustained an injury under the 90/180-day category. Plaintiff did not work for more than six months following the accident, and an examining physician, who found a causal link between the surgery and the accident, noted that she was totally disabled, as evidenced by, among other things, a notice of disability (*see Coley v DeLarosa*, 105 AD3d 527, 528-529 [1st Dept 2013]). Concur—Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.