Stephen LLC v Zazula (2019 NY Slip Op 02645)





Stephen LLC v Zazula


2019 NY Slip Op 02645


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8926 153553/16

[*1]Stephen LLC, Plaintiff-Respondent,
v
Anthony M. Zazula, Defendant-Appellant.


Hinckley & Heisenberg LLP, New York (Christoph C. Heisenberg of counsel), for appellant.
Douglas L. Fromme, P.C., New York (Douglas L. Fromme of counsel), for respondent.



Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered May 17, 2018, against defendant in favor of plaintiff, unanimously affirmed, without costs.
Defendant's guaranty of payment of the tenant's rent to plaintiff under the 2013 lease provided that the guaranty would remain in effect "even if the lease is subsequently changed, amended, modified, renewed or if the [tenant] hold[s] over after expiration or termination of the term." When the tenant remained in the apartment following the expiration of the original lease term and continued to pay rent, which plaintiff accepted, a month-to-month tenancy was created on the same terms, and subject to the same covenants, as contained in the 2013 lease (see City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300 [1975]; Levy v Carol Mgt. Corp., 260 AD2d 27, 33 [1st Dept 1999]). The broad language of the guaranty provided that the guaranty would remain in effect during this subsequent holdover period as well as when the lease was later renewed.
The motion court providently exercised its discretion in accepting plaintiff's opposition papers, which were filed after the date originally designated in the court's scheduling order, as defendant did not demonstrate any prejudice (see Sanchez v Steele, 149 AD3d 458 [1st Dept 2017]; Narvaez v Wadsworth, 165 AD3d 407, 408 [1st Dept 2018]; but see Adotey v British Airways, PLC, 145 AD3d 748, 750 [2d Dept 2016]). Plaintiff requested an adjournment of the return date pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 202.8(e)(2), which was granted, and defendant was afforded an opportunity to submit reply papers if he chose to do so (see Sanchez, 149 AD3d at 458; Narvaez, 165 AD3d at 408).
The court properly granted summary judgment to plaintiff upon its request, contained in its opposition to defendant's motion, for a search of the record (see CPLR 3212[b]; Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 628 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK