Smith v Hamasaki (2019 NY Slip Op 05273)





Smith v Hamasaki


2019 NY Slip Op 05273


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


221 CA 18-01594

[*1]CAROL SMITH, PLAINTIFF-RESPONDENT,
v
LEAANN HAMASAKI AND ROSA SOSE HAMASAKI, DEFENDANTS-APPELLANTS. 






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARK A. FORDEN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
VAN HENRI WHITE, ROCHESTER, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered September 28, 2017. The order, insofar as appealed from, granted that part of the motion of plaintiff seeking summary judgment on the issue of serious injury. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied with respect to the issue of serious injury.
Memorandum: Defendants appeal from an order that, insofar as appealed from, granted that part of plaintiff's motion seeking summary judgment on the issue of serious injury within the meaning of Insurance Law § 5102 (d). We now reverse the order insofar as appealed from.
The court erred in granting that part of plaintiff's motion because plaintiff's own submissions raise triable issues of fact whether, as a result of a motor vehicle accident, she sustained a serious injury to her cervical spine under the categories of permanent consequential limitation of use and significant limitation of use (see generally Gawron v Town of Cheektowaga, 125 AD3d 1467, 1468 [4th Dept 2015]; Thomas v Huh, 115 AD3d 1225, 1225 [4th Dept 2014]; Summers v Spada, 109 AD3d 1192, 1192 [4th Dept 2013]). Although plaintiff's expert opined that plaintiff had limitations in range of motion that were causally related to the accident, some reports on which he relied included treatment records stating that plaintiff had a full range of motion, and stating that any injuries were caused by degenerative disease. Plaintiff's expert provided no explanation for those statements in plaintiff's own treatment records.
In any event, even assuming, arguendo, that plaintiff met her initial burden on her motion, we conclude that defendants raised an issue of fact in opposition by submitting the affidavit of their own expert, who opined that two years after the traffic accident there was no objective evidence of an orthopedic condition (see generally Jones v Leffel, 125 AD3d 1451, 1452 [4th Dept 2015]). Giving defendants, as the non-moving party, the benefit of every reasonable inference (see Houston v McNeilus Truck & Mfg., Inc., 124 AD3d 1210, 1211 [4th Dept 2015]), we conclude that their expert's opinion raised an issue of fact whether plaintiff's injuries, although reflected in the MRIs and medical records generated shortly after the accident, had resolved during the following two years (see generally Lindo v Brett, 149 AD3d 459, 462 [1st Dept 2017]; Martinez v Pioneer Transp. Corp., 48 AD3d 306, 307 [1st Dept 2008]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court