Perez v Ahadzi (2024 NY Slip Op 00877)

Perez v Ahadzi

2024 NY Slip Op 00877

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 

Index No. 158720/18 Appeal No. 1704 Case No. 2023-03500 

[*1]Ruben Perez, Plaintiff-Appellant,
v
Gladstone Ahadzi, Defendant-Respondent.

The Law Offices of Mark E. Weinberger, P.C., Rockville Centre (Eric M. Parchment of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered January 18, 2023, which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant sustained his prima facie burden of showing that there was no causal nexus between plaintiff's injuries and the March 2017 motor vehicle accident (see Henchy v VAS Exp. Corp., 115 AD3d 478 [1st Dept 2013]). Defendant relied on a radiologist's report opining that the positive findings seen in the MRIs of plaintiff's cervical and thoracic spine were chronic, degenerative, and pre-existing, and therefore not caused by the accident (see Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]). The radiologist also opined that the MRI of plaintiff's left shoulder was unremarkable. In addition, defendant submitted the affirmed report of an orthopedic surgeon, who examined plaintiff and found normal range of motion, with no evidence of tenderness to palpation, swelling, or effusion on examination of the cervical spine, thoracic spine, left shoulder, and left wrist (see Chawdhury v 3511 Sys. Inc., 193 AD3d 541, 541 [1st Dept 2021]). We reject plaintiff's contention that defendant's orthopedic expert was required to review plaintiff's medical records before forming his opinion (see Latus v Ishtarq, 159 AD3d 433, 433 [1st Dept 2018]).
The evidence submitted by plaintiff in opposition to the motion, consisting mostly of unaffirmed medical records, failed to raise a triable issue of fact with respect to the claimed injuries (see Vishevnik v Bouna, 147 AD3d 657, 658 [1st Dept 2017]). The opinion of plaintiff's doctor regarding the permanency of his injuries is speculative in light of the three-and-a-half-year gap in treatment between the doctor's examination of plaintiff in October 2017 and her examination of plaintiff in April 2021 (see Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). In addition, plaintiff's prompt return to his job as a doorman after the accident and minimal treatment for about six months after the accident demonstrates that any injuries were minor in nature (see Latus, 159 AD3d at 434; see also Cruz v Lugo, 67 AD3d 495, 496 [1st Dept 2009]).
Supreme Court was not required to consider plaintiff's contention that he suffered a lumbar spine injury, as he failed to allege in his complaint or bill of particulars that he sustained such an injury (see Sanchez v Steele, 149 AD3d 458, 459 [1st Dept 2017]); see also Fernandez v Hernandez, 151 AD3d 581, 582 [1st Dept 2017]).
Plaintiff's 90/180-day claim is defeated by the lack of evidence showing a causal
nexus between the accident and the injury (see Sanchez, 149 AD3d at 459). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024