Perez-Torres v Cocoa Point Car Serv. (2024 NY Slip Op 01686)

Perez-Torres v Cocoa Point Car Serv.

2024 NY Slip Op 01686

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Singh, J.P., Moulton, Friedman, Scarpulla, O'Neill Levy, JJ. 

Index No. 303005/15 Appeal No. 1925 Case No. 2023-05027 

[*1]Gerard Perez-Torres, Appellant,
v
Cocoa Point Car Service et al., Respondents.

Mitchell Dranow, New York, for appellant.
Law office of Svetlana Scoll, Brooklyn (Svetlana Scoll of counsel), for Cocoa Point Car Service and Moustapha Diagne, respondents.
Marjorie E. Bornes, Brooklyn, for City Bronx Leasing and Arelis Sanchez, respondents.

Order, Supreme Court, New York County (John R. Higgitt, J.), entered on or about January 25, 2019, which granted defendants City Bronx Leasing and Arelis Sanchez's motion for summary judgment dismissing the complaint based on plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants met their prima facie burden of showing that plaintiff did not sustain a serious injury to his left knee or cervical spine by submitting, among other things, the report of their orthopedic surgeon who opined that plaintiff had a normal orthopedic examination with no findings of limitations, and there was no evidence of disability or permanency (see Hall v Uber Tech, Inc., 221 AD3d 503, 504 [1st Dept 2023]; Newell v Javier, 220 AD3d 487, 487 [1st Dept 2023]).
Contrary to plaintiff's contention, defendants' submission of medical records of plaintiff's osteopath and orthopedic surgeon did not raise issues of fact requiring denial of the motion. Those medical records were submitted by defendants because they refute plaintiff's claim that his injuries were caused by the accident. In particular, the medical records document that plaintiff had prior surgery to his left knee before the accident and plaintiff's treating osteopath found that plaintiff had full range of motion in his cervical spine and left knee six months after the accident, which, together with the evidence that plaintiff received no further medical treatment, belies his claim that his injuries were serious and were caused by the accident (see Vila v Foxglove Taxi Corp., 159 AD3d 431, 431 [1st Dept 2018]).
In opposition, plaintiff failed to raise an issue of fact. His physicians did not address his prior knee injury or knee surgery in discussing causation and did not explain why plaintiff's limitations were not related to the earlier injury and surgery, as opposed to the accident at issue (see Cinelli v Greyhound Lines, Inc., 211 AD3d 571, 571-572 [1st Dept 2022]; Tarjavaara v Considine, 188 AD3d 509, 510 [1st Dept 2020]; Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]). Plaintiff's physicians, who found deficits in range of motion on a more recent examination, failed to reconcile their findings with the osteopath's earlier conflicting findings of normal range of motion (see Marino v Amoah, 143 AD3d 541, 542 [1st Dept 2016]). Further, considering plaintiff's extended cessation of treatment, starting six months after the accident, plaintiff's physician's
opinion that his limitations in range of motion three years later "were causally related to the accident is speculative" (Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024