Stein, J.
Plaintiff Thomas Cole and his wife, derivatively, commenced this action to recover damages for injuries allegedly sustained when Cole’s car was struck by a car being operated by defend *1146 ant Amy Roberts-Bonville in October 2004. Cole alleges that he suffered a serious injury as defined by Insurance Law § 5102 (d) in that he sustained a permanent loss of use, a permanent consequential limitation of use and a significant limitation of the use of his right shoulder, left leg, right knee, cervical spine and lumbar spine. Cole also claims that he was prohibited from performing substantially all of his customary daily activities for at least 90 out of the 180 days immediately following the accident. Defendants moved for summary judgment dismissing the complaint after the completion of discovery, arguing, among other things, that Cole’s injuries are the result of a history of degenerative arthritis and degenerative disc disease which predate the accident. Plaintiffs now appeal from Supreme Court’s order granting defendants’ motion and dismissing the complaint.
We affirm. As the proponents of the motion for summary judgment, defendants bore the initial burden of establishing that Cole did not suffer a serious injury as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Peterson v Cellery, 93 AD3d 911, 911 [2012]). To that end, defendants submitted, among other things, Cole’s medical records, the affidavit of Louis Benton — a licensed orthopedist — and the deposition testimony of Cole and his wife. Cole’s medical records contain a diagnosis of “osteoarthritis to his right hip over the past number of years,” degenerative joint disease in his right shoulder and spondylosis and degenerative disease to his cervical spine. The records also reflect a history of lower back problems and “minimal foraminal narrowing at C5-6 and C6-7 [and] disk bulging at C7-T1.”*
Based upon his independent medical examination of Cole and review of Cole’s medical records, Benton concluded that Cole had preexisting problems regarding his lumbar spine and his right knee and normal range of motion of his spine, right shoulder and right hip. Noting the absence of any complaint with regard to his hip when treated at the emergency room following the accident or at any time within two years thereof, Benton concluded that Cole’s hip pain was secondary to age related degenerative arthritis and was not causally related to the accident. Benton further noted the lack of any indication of a fracture of Cole’s cervical spine or right shoulder and similarly *1147 concluded that his neck and shoulder problems were the result of preexisting age related degenerative arthritis and degenerative disc disease, which were only mildly aggravated by the accident.
With respect to Cole’s claim of serious injury under the 90/ 180-day category, defendants point to the testimony of Cole— who was retired at the time of the accident — and his wife that, after the accident, he continued to perform substantially all of his usual daily activities, albeit with some pain, during the relevant time period. Moreover, none of Cole’s medical records from within the initial 180-day period following the accident referenced any limitations on his usual daily activities (see Insurance Law § 5102 [d]; Crawford-Reese v Woodard, 95 AD3d 1418, 1420 [2012]; Henry v Sorge, 90 AD3d 1355, 1357 [2011]).
The foregoing was sufficient to demonstrate defendants’ entitlement to judgment dismissing the complaint and, accordingly, shifted the burden to plaintiffs to raise a triable issue of fact (see Peterson v Cellery, 93 AD3d at 913; Howard v Espinosa, 70 AD3d 1091, 1092-1093 [2010]). Thus, plaintiffs were required to offer appropriate evidence demonstrating a serious injury and, given defendants’ “ ‘persuasive evidence that [Cole’s] alleged pain and injuries were related to a preexisting condition, plaintiff[s] had the [additional] burden to come forward with evidence addressing defendant[s’] claimed lack of causation’ ” (Wolff v Schweitzer, 56 AD3d 859, 861 [2008], quoting Pommells v Perez, 4 NY3d 566, 580 [2005]; see Coston v McGray, 49 AD3d 934, 935 [2008]). We agree with Supreme Court’s determination that plaintiffs failed to do so here.
In opposition to defendants’ motion, plaintiffs submitted certain medical records, together with the reports of several of Cole’s treating physicians. Initially, we note that none of the medical records or reports contain any indication that Cole has suffered a serious injury under the category of a total, permanent loss of use of any body organ, member, function or system (see Oberly v Bangs Ambulance, 96 NY2d 295, 297 [2001]). In order to raise a question of fact regarding the existence of a serious injury under the categories of a permanent consequential or significant limitation of use, plaintiffs were required to “present medical evidence that contain[s] objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [Cole’s] present limitations to the normal function, purpose and use of the affected body organ, member, function or system” (Boone v Milano, 96 AD3d 1195, 1197 [2012] [internal quotation marks and citations omitted]; see Toure v Avis Rent A Car Sys., 98 NY2d at 353; Peterson v *1148 Cellery, 93 AD3d at 913). In this case, even assuming that plaintiffs were entitled to rely on the unsworn, unverified narrative reports of Cole’s physicians, neither such reports nor the medical records are sufficient to warrant denial of defendants’ motion for summary judgment.
Specifically, none of the physician’s reports addressed the fact that Cole’s medical records reflect that his arthritis and current limitations predated the accident. Moreover, the conclusory opinions contained in the report of physician Charles Buttaci with regard to Cole’s alleged limited range of motion of his cervical spine were unsupported by any examinations, tests or medical records. Similarly, the report of Frederick Fletcher, who ultimately performed hip surgery on Cole, fails to distinguish Cole’s current limitations from his preaccident condition or to explain the more than two-year delay between the accident and the onset of complaints regarding Cole’s hip, and his conclusion that Cole’s hip problem was related to the accident is purely speculative (see Gaddy v Eyler, 79 NY2d 955, 958 [1992]; Anderson v Capital Dist. Transp. Auth., 74 AD3d 1616, 1617 [2010], lv denied 15 NY3d 709 [2010]). The report of physician Joseph Elfenbein is equally deficient, as he did not examine any of Cole’s medical records from before the accident and his conclusions were based on Cole’s misrepresentation that he had no prior history of accidents or injuries.
With respect to the claim under the 90/180-day category, plaintiffs failed to submit any evidence whatsoever of any curtailment of Cole’s activities following the accident (see Crawford-Reese v Woodard, 95 AD3d at 1420; Mahar v Bartnick, 91 AD3d 1163, 1165-1166 [2012]). Thus, even viewing the evidence in the light most favorable to plaintiffs, they failed to raise a triable issue of fact concerning whether Cole sustained a causally related serious injury within the meaning of Insurance Law § 5102 (d), and Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint.
Peters, EJ., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 Although plaintiffs’ bill of particulars asserts injuries to his left leg, lumbar spine and right knee, his medical records do not refer to any treatment with respect to those body parts after the accident, and he was admittedly on disability retirement at the time of the accident due to the preexisting injuries to his knee and lower back.