*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    519962
_____

KEVIN P. MOLESKY et al.,
                    Appellants,
        v                                    MEMORANDUM AND ORDER

CYNTHIA MARRA et al.,
                    Respondents.
_____

Calendar Date:   June 1, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Feeney, Centi & Mackey, Albany (L. Michael Mackey of
counsel), for appellants.

        Bailey, Kelleher & Johnson, PC, Albany (Vincent J.
DeLeonardis of counsel), for respondents.

                    _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered July 28, 2014 in Albany County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.

        In July 2011, plaintiffs' vehicle was stopped at an
intersection when a vehicle operated by defendant Cynthia Marra
contacted their vehicle from the rear at a low rate of speed,
which did not damage plaintiffs' vehicle.  The parties exchanged
insurance information and departed, with no one summoning an
ambulance or police.  Approximately a year later, plaintiffs
commenced this action claiming that they had both sustained
serious injuries in the accident.  Disclosure revealed, among
other things, that both plaintiffs had various preexisting

conditions such that, when in their early 40s about five years before the accident, each had received disability retirements from government jobs. Also, plaintiff Kevin P. Molesky had previously brought a lawsuit for similar injuries as alleged here following a 2002 motor vehicle accident, and plaintiff Michele D. Molesky had received a settlement for neck and back injuries allegedly suffered in a 1994 motor vehicle accident. Defendants moved for summary judgment asserting, among other things, that neither plaintiff sustained a serious injury (see Insurance Law § 5102) causally related to this accident. Plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court granted defendants' motion and denied plaintiffs' cross motion. Plaintiffs appeal.

Defendants met their threshold burden with respect to both plaintiffs by submitting proof, including competent medical evidence, establishing that neither plaintiff suffered a serious injury caused by this accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Raucci v Hester, 119 AD3d 1044, 1044 [2014]; Cole v Roberts-Bonville, 99 AD3d 1145, 1146 [2012]). Defendants offered detailed and lengthy reports from Harvey Seigel, a physician who examined both plaintiffs, as well as their respective medical records. With regard to Kevin Molesky, Seigel noted that he had undergone a C5-6 anterior cervical discectomy in 2002 after another motor vehicle accident. At Kevin Molesky's deposition of the action arising from the 2002 motor vehicle accident, he testified that he suffered from a herniated disc at both C5-6 and C6-7, but that C6-7 was not repaired during his 2002 surgery because his surgeon, Darryl DiRisio, felt it was not damaged enough to repair. An X ray from such time showed disc space was narrowing between C6-7, where Kevin Molesky eventually had surgery in November 2011. Seigel noted that Kevin Molesky admitted no neck pain immediately after the accident, and he did not seek treatment for five weeks after the accident. Seigel stated that if the low-impact accident had caused the alleged damage to Kevin Molesky's cervical spine, he would have experienced immediate pain and needed treatment much sooner than five weeks after the accident. In Seigel's opinion, the November 2011 surgery "had absolutely nothing to do with" the July 2011 accident, but was "the natural progression of the multilevel degenerative disease noted as far back as 2002, which was

accelerated due to the December 2002 fusion surgery."  Although Kevin Molesky submitted an affirmation from DiRisio, his surgeon in 2002 and 2011, opining that the November 2011 surgery was the result of an injury sustained in the July 2011 accident, DiRisio failed to sufficiently and objectively distinguish the purported recent injury from the prior injury or adequately indicate that the accident exacerbated a preexisting condition (see Dudley v Imbesi, 121 AD3d 1461, 1462 [2014]; Thomas v Ku, 112 AD3d 1200, 1201 [2013]; Russell v Cornell Univ., 110 AD3d 1236, 1237-1238 [2013]).

Turning to Michele Molesky, Seigel pointed out that her extensive medical records revealed prior accidents that resulted in back injuries, and that she had been under more than 10 years of ongoing care for neck and back pain prior to the July 2011 accident.  Her condition had provided the basis for her to receive a state disability retirement, as well as Social Security disability.  Seigel noted that less than two weeks before the accident, she had undergone multiple rhizotomy procedures to treat her back, leg and neck pain.  He opined that she sustained, at most, "a very minor exacerbation" of her longstanding chronic neck and back problems.  While DiRisio believed that Michele Molesky's subjective complaints resulted from the accident, Michele Molesky failed to submit sufficient objective evidence of a medically determined serious injury related to the subject accident (see Falkner v Hand, 61 AD3d 1153, 1155 [2009]; see also Cole v Roberts-Bonville, 99 AD3d at 1148; Creech v Walker, 11 AD3d 856, 857 [2004]).  The remaining arguments have been considered and are not persuasive.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court