*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520420
_____

NORMAN ST. CLAIR et al.,
                    Appellants,

            v                                    MEMORANDUM AND ORDER

JOSEPH GIROUX, as Clinton
    County Treasurer
    Serving as Personal
    Representative of JAMES A.
    HUGHES, Deceased,
                    Respondent.
_____


Calendar Date:   September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                        _____


        Niles & Bracy, PLLC, Plattsburgh (John M. Crotty of
counsel), for appellants.

        Fischer, Bessette, Muldowney & Hunter, LLP, Malone (Richard
F. Hunter of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered August 20, 2014 in Clinton County, which granted
defendant's motion for summary judgment dismissing the complaint.

        In December 2010, plaintiff Steven St. Clair was refueling
his vehicle when it was struck by a vehicle driven by James A.
Hughes (hereinafter decedent).  At the time of the accident,
plaintiff Norman St. Clair was seated in the passenger seat of
the vehicle that was struck.  Subsequently, Steven St. Clair and
his spouse – derivatively – brought an action against decedent

alleging that Steven St. Clair sustained a serious injury as a result of the accident. Norman St. Clair commenced a separate action against decedent, also alleging that he sustained a serious injury as a result of the accident. The two actions were subsequently consolidated upon consent, and the parties stipulated that decedent was liable for the accident.[1] Defendant thereafter moved for summary judgment dismissing the consolidated complaints, arguing that neither Norman St. Clair nor Steven St. Clair had suffered a serious injury pursuant to Insurance Law § 5102 (d) as a result of the accident. Supreme Court granted defendant's motion and dismissed the consolidated complaints.

As the proponent in a motion for summary judgment, a defendant bears "the initial burden of establishing that [a plaintiff] did not suffer a serious injury as a result of the accident" (Cole v Roberts-Bonville, 99 AD3d 1145, 1146 [2012]; see Russell v Pulga-Nappi, 94 AD3d 1283, 1284 [2012]). Turning first to Steven St. Clair, we find that defendant met his prima facie burden regarding the alleged serious injury to the lumbar spine and cervical spine.[2] Richard Saunders, an orthopedic surgeon, noted that Steven St. Clair had a history of chronic lower back pain and arthritis dating back to 2007 and had been prescribed narcotics related to such conditions prior to the accident. Saunders noted that an X ray of Steven St. Clair's lumbosacral spine from the date of the accident indicated lower lumbar spinal stenosis, which he averred provided conclusive evidence of a relatively severe preexisting condition that was not caused by the accident and which explained any permanent injury to the lumbar spine. As to the injuries to Steven St. Clair's cervical spine, although Steven St. Clair had not complained of pain or injury to his neck prior to the accident, Saunders indicated that an MRI taken in December 2012 revealed an arthritic condition in the cervical spine that predated the

---

[1] Sometime after he was served, decedent died.

[2] Plaintiffs concede that summary judgment was proper as to Steven St. Clair's claim under the 90/180-day category of serious injury (see generally Raucci v Hester, 119 AD3d 1044, 1047 [2014]).

accident. Saunders opined that the only injury to Steven St. Clair's cervical spine from the accident was a mild sprain "superimposed on significant pre-existing arthritic conditions of the neck." Notably, Saunders relied on a February 2011 physical exam of Steven St. Clair that affirmatively noted that he did not have any restrictions in range of motion. Based on the result of more limited ranges of motion at his later examination of Steven St. Clair, Saunders concluded that any present loss of range of motion that he observed was either subjective in nature or caused by arthritic changes. This evidence was sufficient to establish defendant's prima facie burden that any persisting injuries related to Steven St. Clair's lumbar spine and cervical spine were not caused by the accident (see Molesky v Marra, 130 AD3d 1274, 1275 [2015]; Bowen v Saratoga Springs City School Dist., 88 AD3d 1144, 1145 [2011]).

In order to raise a triable issue of fact, Steven St. Clair was required to submit evidence demonstrating a serious injury and, given defendant's proof that any current injuries were related to preexisting conditions, he was also required to provide additional evidence addressing defendant's argument of lack of causation (see Pommells v Perez, 4 NY3d 566, 580 [2005]; Cole v Roberts-Bonville, 99 AD3d at 1147). Plaintiffs' expert did not address the fact that Steven St. Clair was found to have complete range of motion – in both his lumbar spine and his cervical spines – during physical examinations after the accident. Accordingly, Steven St. Clair did not raise a material issue of fact as to whether any current loss of range of motion was causally related to the accident, rather than being causally related to progressive degenerative conditions that preexisted the accident (see Pommells v Perez, 4 NY3d at 580; Cole v Roberts-Bonville, 99 AD3d at 1148).[3]

Supreme Court also properly granted summary judgment dismissing Norman St. Clair's claim of serious injury to his cervical spine. Saunders observed Norman St. Clair's range of

---

[3] Notably, plaintiffs' expert found Steven St. Clair to have full range of motion in his cervical spine as late as March 2012, more than two years after the accident.

motion in his neck both prior to and after their appointment and, on the basis of those observations of a normal range of motion, opined that any limited range of motion exhibited during the exam was subjective and the result of exam magnification.  Further, medical records establish that Norman St. Clair was found to have full range of motion in his neck for driving in September 2011. An orthopedic surgeon's report from shortly thereafter concluded that Norman St. Clair did not suffer any disability from his cervical spine.  Plaintiffs' experts' attribution of current limitations of cervical spine range of motion to the accident was insufficient to raise a material issue of fact to rebut defendant's prima facie case, given that the expert failed to address the previous finding that, approximately a year after the accident, Norman St. Clair had full range of motion in his neck (see Shelley v McCutcheon, 121 AD3d 1243, 1244-1245 [2014]; Jno-Baptiste v Buckley, 82 AD3d 578, 578-579 [2011]; Tornatore v Haggerty, 307 AD2d 522, 523-524 [2003]).  Plaintiffs' remaining arguments are academic and/or without merit.

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court