Mesiti v Martin (2021 NY Slip Op 00221)





Mesiti v Martin


2021 NY Slip Op 00221


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

530710

[*1]Annamaria Mesiti, Appellant,
v
Jerome P. Martin II, Respondent.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Law Office of Bryan R. Kaplan, Rock Hill (Bryan R. Kaplan of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Meddaugh, J.), entered December 23, 2019 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.
Between May 2010 and December 2015, plaintiff was involved in at least four motor vehicle accidents, the last of which occurred in December 2015 and is the subject of this appeal.[FN1] In May 2016, plaintiff commenced this personal injury action, alleging that defendant's negligence in operating his motor vehicle caused her to sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendant joined issue, and the parties engaged in discovery. Upon defendant's demand, plaintiff filed and served a verified bill of particulars in which she alleged that she had sustained a serious injury to her spine under the permanent consequential limitation of use of a body organ or member, the significant limitation of use of a body function or system and the 90/180-day categories (see Insurance Law § 5102 [d]). Defendant thereafter moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as a result of the December 2015 accident. Supreme Court granted the motion, prompting this appeal by plaintiff.[FN2]
"Under New York's No-Fault Law, an injured party's right to bring a personal injury action for noneconomic losses . . . arising out of an automobile accident is limited to those instances where such individual has incurred a serious injury" (Jones v Marshall, 147 AD3d 1279, 1283 [2017] [citations omitted]; see Insurance Law § 5104 [a]). Under Insurance Law § 5102 (d), a serious injury includes, as relevant here, a "permanent consequential limitation of use of a body organ or member" and a "significant limitation of use of a body function or system." "Whether a limitation of use or function is 'significant' or 'consequential' (i.e., important) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Dufel v Green, 84 NY2d 795, 798 [1995] [citations omitted]; accord Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; see Vanalstyne v Gordon, 180 AD3d 1140, 1141 [2020]). On a motion for summary judgment, the defendant bears the initial burden of establishing, through competent medical evidence, that the plaintiff did not sustain a serious injury as a result of the subject accident (see Cohen v Bayer, 167 AD3d 1397, 1398 [2018]; Thomas v McMaster, 165 AD3d 1511, 1512 [2018]). If this threshold burden is met, the plaintiff must come forward with "objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury" (Howard v Espinosa, 70 AD3d 1091, 1092 [2010] [internal quotation marks and citation omitted]; see Ni v O'Brien, 179 AD3d 1190, 1191 [2020]).
In support of his motion, defendant relied upon plaintiff's various medical records[*2], as well as the expert report of Saran Rosner, a board-certified surgeon who reviewed plaintiff's medical records and conducted an examination of plaintiff in May 2019. Rosner detailed plaintiff's extensive medical history pertaining to her spine and noted that, prior to the December 2015 accident, plaintiff was being treated for "significant lumbar and cervical disc disease." Specifically, Rosner noted that plaintiff had "an unstable anterolisthesis at L4-L5 of a degenerative type," which predated the December 2015 accident and "resulted in severe spinal stenosis and neurogenic claudication." Rosner, however, stated that there was no objective evidence that the December 2015 accident had caused a worsening of plaintiff's preexisting listhesis and stenosis. According to Rosner, although plaintiff's prior motor vehicle accidents had "subjectively aggravated her spinal complaints," "[h]er imaging studies . . . had shown simply the progression of her degenerative lumbar disease at the L4-L5 level consistent with its typical natural history." Rosner further opined that "[a]ggravation of [p]laintiff's degenerative disease of the lumbar spine" as a result of the December 2015 accident "cannot be at all asserted with a reasonable degree of medical certainty." Based upon all of the foregoing, we agree with Supreme Court that defendant met his prima facie burden of demonstrating the absence of a serious injury caused by the December 2015 accident (see Taylor v Delgado, 154 AD3d 620, 620 [2017]; Shea v Ives, 137 AD3d 1404, 1405 [2016]; Molesky v Marra, 130 AD3d 1274, 1275 [2015]).
With defendant having met his prima facie burden on his motion for summary judgment, the burden shifted to plaintiff to come forward with "objective medical evidence distinguishing [her] preexisting condition[s] from the injuries claimed to have been caused by" the accident underlying the action (Falkner v Hand, 61 AD3d 1153, 1154 [2009]; see Shea v Ives, 137 AD3d at 1405). In that regard, plaintiff primarily relied upon the expert report of Luis Mendoza Jr. However, for the reasons set forth more fully in this Court's decision in plaintiff's related appeal (Mesiti v Knight, ___ AD3d ___ [decided herewith]), such report did not raise a triable issue of fact on the question of whether plaintiff sustained a serious injury as a result of the December 2015 accident. Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff's remaining arguments are either rendered academic by our determination or lacking in merit.
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiff's May 2015 motor vehicle accident is the subject of a separate appeal before this Court (Mesiti v Knight, ___ AD3d ___ [decided herewith]). This Court previously decided an appeal relating to plaintiff's July 2013 accident (Mesiti v Weiss, 178 AD3d 1332 [2019]).

Footnote 2: Plaintiff does not raise any arguments on appeal as to the 90/180-day category of serious injury. Thus, she has abandoned any claim of serious injury based upon that category (see Lavrinovich v Conrad, 180 AD3d 1265, 1266 n 1 [2020]; Crawford-Reese v Woodard, 95 AD3d 1418, 1418 [2012]).