Murgia v Smith (2021 NY Slip Op 00470)





Murgia v Smith


2021 NY Slip Op 00470


Decided on January 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

530388

[*1]Silvano Murgia et al., Respondents,
v
Rita M. Smith, Appellant.

Calendar Date: January 11, 2021

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Kenney Shelton Liptak Nowak LLP, Jamesville (Daniel K. Cartwright of counsel), for appellant.
Bottar Law, PLLC, Syracuse (Paul G. Lyons of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered October 17, 2019 in Madison County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff Silvano Murgia and his spouse, derivatively, commenced this action seeking to recover for injuries that Murgia allegedly sustained in March 2012 when the vehicle that defendant was driving struck Murgia's vehicle while Murgia was stopped at an intersection. Specifically, plaintiffs alleged that, as a result of the accident, Murgia suffered a serious injury within the meaning of Insurance Law § 5102 (d). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, arguing, among other things, that Murgia's injuries do not qualify as a serious injury. Plaintiffs opposed the motion, arguing that the record presents an issue of fact as to whether Murgia sustained a serious injury. Supreme Court denied defendant's motion. Defendant appeals.
"On a motion for summary judgment dismissing a complaint that alleges a serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Howard v Espinosa, 70 AD3d 1091, 1091-1092 [2010] [internal quotation marks and citations omitted]; accord Larrabee v Bradshaw, 96 AD3d 1257, 1258 [2012]). Here, plaintiff claims that injuries to his cervical spine and brain constitute serious injuries under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories of Insurance Law § 5102 (d).[FN1]
In support of her motion, defendant submitted, among other things, Murgia's deposition testimony, which revealed that, in the years since the accident, he has suffered from, among other things, ongoing dizziness, balance issues, nausea, numbness and depression. Defendant also submitted a report from an independent medical exam of Murgia completed by Richard Barbano in April 2018.[FN2] Based upon his observations and review of Murgia's medical records, Barbano opined that Murgia "sustained a head injury without concussion and post traumatic headache" and that "[t]here is no evidence of a concussion or brain injury by history." Notably, Barbano stated that Murgia's primary care physician misdiagnosed Murgia's headaches as "most likely a concussion" and that this erroneous diagnosis, which was not supported by Murgia's initial statements to his medical providers, was then carried forward. Barbano further stated that the majority of Murgia's symptoms were subjective "with little to no objective evidence of injury"; Murgia's imaging was largely negative and unremarkable with the exception of mild degenerative changes. Importantly, Barbano stated that, although Murgia's headaches have been persistent, "there is no medical reason that they should be permanent." Barbano also opined that it was unlikely that Murgia's [*2]headaches were related to the motor vehicle accident and head trauma. Finally, Barbano stated that Murgia "more likely than not" sustained sprains to his right shoulder and neck, but that medical records reveal that, as of June 2012, those injuries were improving and that there is no objective reason why those injuries would still cause pain.
Based on the foregoing, we conclude that defendant did not meet her burden as to the 90/180-day category. Particularly, although Barbano opined that Murgia sustained cervical spine sprains and a head injury without concussion and that his ongoing symptoms are not related to the accident, he "did not adequately address [Murgia's] condition or limitations within the first 180 days following the accident, which was necessary to foreclose the 90/180-day category of serious injury" (Poole v State of New York, 121 AD3d 1224, 1225 [2014] [internal quotation marks and citations omitted]; see Cohen v Bayer, 167 AD3d 1397, 1402 [2018]). However, as to these injuries under the permanent consequential limitation and significant limitation of use categories, defendant's submissions, particularly Barbano's opinion that the worsening of Murgia's symptoms were not causally related to the accident but rather a result of symptom amplification and that the diagnoses made by Murgia's physicians were made based upon subjective complaints, were sufficient to meet defendant's burden. As such, "[t]he burden then shift[ed] to plaintiff[s] to come forward with competent medical evidence based upon objective medical findings and diagnostic tests to support [these] claims" (Fitzmaurice v Chase, 288 AD2d 651, 653 [2001] [internal quotation marks and citations omitted]; see Flanders v National Grange Mut. Ins. Co., 124 AD3d 1035, 1036 [2015]; Raucci v Hester, 119 AD3d 1044, 1045-1046 [2014]).
In opposition to defendant's motion, plaintiffs submitted, among other things, an affidavit of Murgia's treating primary care physician, Ifechukwude Ojugbeli, who practices internal medicine. Ojugbeli's affidavit reveals that he has been Murgia's physician since 2001 and that, prior to the accident, Murgia did not complain of cervical pain nor did he present with complaints of concussion-related symptoms, including chronic headaches, dizziness, memory loss and impaired balance. Ojugbeli averred that, one week after the accident, Murgia presented at his office complaining of recurrent pain around his left eye, nausea and right shoulder pain after being in a car accident in which he hit his head. Ojugbeli averred that he observed a bruise over Murgia's left zygomatic arch, which was consistent with Murgia's description of the accident. In April 2012, Murgia began complaining of severe headaches and forgetfulness. Given Murgia's lack of similar prior medical history, Ojugbeli referred Murgia to Claudine Ward, a physician who treats patients with brain injuries, including concussions, as well as spinal cord injuries for treatment for a concussion[*3]. Throughout the next five years, Murgia continued to complain of headaches, dizziness, nausea and confusion, as well as insomnia and depression. As to complaints related to neck and shoulder pain, Ojugbeli, in his affidavit, detailed range of motion testing conducted throughout the years following the accident and reported that Murgia's range of motion was consistently less than the range of motion of a healthy neck and shoulders. A June 2012 MRI of Murgia's cervical spine revealed a C3-C4 disc bulge, and the findings of a June 2012 MRI of Murgia's right shoulder were indicative of a shoulder injury. Ultimately, Ojugbeli opined that Murgia's cervical spine injury and concussion-related symptoms are causally related to the March 2012 accident as Murgia did not suffer from these conditions prior and, given the passage of time, opined that Murgia will not return to preaccident capacity. Ojugbeli also opined that these injuries cause significant, functional limitations as they prevent or otherwise limit Murgia from performing many activities of daily living.
Plaintiffs also offered the affidavit of Ward, who began treating Murgia in October 2012. Ward averred that a concussion is "a mild traumatic brain injury that occurs when a blow or jolt to the head disrupts normal functioning of the brain." Motor vehicle accidents are a common cause of concussions. Ward also averred that concussions are "invisible injur[ies]" as they often do not appear on diagnostic imaging, but rather are diagnosed based on a patient's reported symptoms and medical history. Prior to meeting Murgia, Ward reviewed Ojugbeli's records, noting that, before the accident, Murgia did not suffer from concussion-related symptoms or cervical pain. Ward detailed range of motion testing that revealed abnormal findings indicative of cervical spine impairment. Upon physical examination, Ward observed several "taut bands" and trigger points that are objective evidence of a cervical spine injury. Ward opined that Murgia's headaches were related to his cervical spine injury, which was identified on the June 2012 MRI. Ward also averred that a November 2013 neurological exam revealed "jerky visual pursuits" that are objective evidence of a brain injury, which Ward attributed to the "blow to [Murgia's] head" during the accident. During a later neurological exam, Ward observed Murgia to have "intermittent dysconjugate gaze with visual pursuits," which is also objective evidence of a brain injury. Subsequent neurological exams revealed similar findings indicative of a brain injury. Ultimately, Ward opined that Murgia suffers from, among other things, a cervical spine injury and postconcussion syndrome. Ward further opined that, because these conditions remain unchanged, they are permanent in nature and prevent him from returning to work.[FN3] She also opined that the accident was the cause of these injuries and Murgia's functional limitations. Citing to specific ranges of motion and [*4]other objective findings, Ward opined that Murgia's cervical spine injury and "concussion-related sequela" are significant limitations and that they prevent Murgia from performing many activities of daily living.
Based on the foregoing, plaintiffs met their burden by raising a question of fact as to whether Murgia sustained injuries to his cervical spine and brain under the permanent consequential limitation and significant limitation of use categories. Contrary to defendant's contention, Ojugbeli and Ward's affidavits did not ignore that the cervical spine MRI only revealed a "tiny" bulge, but rather had different opinions as to its significance when considered with Murgia's subjective complaints. This difference in the experts' opinions creates a question of credibility that can only be resolved at trial (see O'Keefe v Wohl, 184 AD3d 1046, 1048 [2020]; O'Connor v Kingston Hosp., 166 AD3d 1401, 1402 [2018]). Additionally, as to Murgia's brain injuries, both Ojugbeli and Ward discussed the "invisible" nature of concussions and that they often do not appear on imaging. Notably, Barbano did not opine otherwise (see generally Krivit v Pitula, 79 AD3d 1432, 1434 [2010]), but rather based his conclusions on Murgia having not lost consciousness.[FN4] Significantly, however, Barbano did not state that a concussion only occurs when someone loses consciousness. Ward's affidavit also revealed that the findings of her neurological exams were objective evidence of Murgia's brain injury. Accordingly, plaintiffs' submissions were "sufficient to meet [their] shifted burden of establishing the existence of a material issue of fact" as to whether Murgia suffered a permanent consequential limitation and significant limitation of use of his cervical spine and brain (Lavrinovich v Conrad, 180 AD3d 1265, 1269 [2020]; see Clausi v Hall, 127 AD3d 1324, 1326 [2015]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment.
Lynch, J.P., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: In their bill of particulars, plaintiffs set forth claims for injuries to other body parts. However, at oral argument plaintiffs explicitly abandoned those claims, instead pursuing only the injuries to Murgia's cervical spine and brain.

Footnote 2: We note that Barbano's report was not accompanied by a curriculum vitae detailing his qualifications, but the letterhead on which his report was written stated that he is a Diplomat of the American Board of Psychiatry and Neurology, a Diplomat of the American Board of Electrodiagnostic Medicine and licensed in New York.

Footnote 3: The record reflects that Murgia was the sole owner of a car dealership that he opened in 1980.

Footnote 4: Notably, the United States Department of Health and Human Services Centers of Disease Control and Prevention, in a publication informing physicians about brain injuries, states that, "[a]fter a concussion, some people lose consciousness ('knocked out') for a short time. However, most concussions do not result in a loss of consciousness" (Facts About Concussion and Brain Injury, US Department of Health and Human Services Centers for Disease Control and Prevention [2010], available at https://www.cdc.gov/headsup/pdfs/providers/facts_about_
concussion_tbi-a.pdf [emphasis added]).