Williams v Ithaca Dispatch, Inc. (2024 NY Slip Op 05928)

Williams v Ithaca Dispatch, Inc.

2024 NY Slip Op 05928

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-0862
[*1]Raquel I. Williams, Appellant,
v
Ithaca Dispatch, Inc., Doing Business as Total Transportation of Elmira, et al., Respondents.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Cellino Law LLP, Buffalo (Gregory V. Pajak of counsel), for appellant.
Barth Condren LLP, Buffalo (Jeffrey C. Sendziak of counsel), for Ithaca Dispatch, Inc. and another, respondents.
Kenney Shelton Liptak Nowak LLP, Buffalo (Justin L. Hendricks of counsel), for John I. Heath, respondent.

McShan, J.
Appeal from an order of the Supreme Court (Christopher P. Baker, J.), entered April 10, 2023 in Chemung County, which granted defendants' motions for summary judgment dismissing the complaint.
On November 24, 2015, plaintiff was a front-seat passenger in a taxicab owned by defendant Ithaca Dispatch, Inc. and operated by defendant R.T. VonRapacki Jr. (hereinafter collectively referred to as Ithaca) when the taxicab was involved in a three-vehicle accident while traveling along Interstate 86 West in Chemung County. The taxicab was the middle vehicle in the accident, having first struck the rear of another vehicle before subsequently being rear-ended by a vehicle driven by defendant John I. Heath. Plaintiff thereafter commenced this personal injury action, contending that, as a result of the two collisions, she sustained injuries to her cervical spine, thoracic spine, lumbar spine and head and that those injuries constituted a "serious injury" within the meaning of Insurance Law § 5102 (d). Following joinder of issue, Ithaca and Heath separately moved for summary judgment dismissing the complaint, contending, among other things, that they were not negligent pursuant to the emergency doctrine and that plaintiff did not suffer a serious injury. Supreme Court granted summary judgment on the grounds of the emergency doctrine, plaintiff appealed, and we reversed and remitted for Supreme Court to consider defendant's alternative argument that plaintiff did not meet the serious injury threshold (211 AD3d 1384, 1385 [3d Dept 2022]). Upon remittal, Supreme Court ultimately granted defendants' motions and dismissed the complaint on the ground that plaintiff did not suffer a serious injury under any of the claimed categories of the Insurance Law. Plaintiff appeals.
"On a motion for summary judgment dismissing a complaint that alleges a serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that the plaintiff did not sustain a serious injury caused by the accident" (Murgia v Smith, 190 AD3d 1233, 1234 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). A "serious injury" is defined as, among other things, a personal injury constituting a "permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). As relevant here, "[t]he permanent consequential limitation and/or significant limitation of use categories require objective, quantitative evidence with respect to diminished [*2]range of motion or a qualitative assessment comparing the plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system, and the proof must show those limitations to be more than mild, minor or slight" (Lemieux v Horn, 209 AD3d 1100, 1101 [3d Dept 2022] [internal quotation marks and citations omitted], affd 39 NY3d 1108 [2023]).
In support of each of their respective motions, defendants submitted plaintiff's deposition testimony, wherein she complained of constant, worsening neck pain and back pain, as well as migraines following the accident. According to plaintiff, she could not return to work after the accident until the end of January 2016, and her ability to work was limited to four hours a day. Plaintiff elaborated that she ultimately left her position due to her inability to stand for lengthy periods of time due to pain. Plaintiff also averred that during the six months following the accident, she was generally able to care for herself and her daughter, but with "limited ability," as she occasionally received the help of a friend for various household tasks, including childcare.
Defendants also submitted the report from a medical examination performed by Sherry Leitch in December 2019. Based upon her physical examination, Leitch indicated that plaintiff did not demonstrate any abnormal indications beyond decreased vibration in the right ankle, decreased light touch and pin prick in her right hand and leg, and positive Tinel's reverse Phalen's in her right arm. Based upon her review of plaintiff's medical records, Leitch noted that plaintiff had a long history of complaints and treatment for headaches, dating back approximately four years prior to the accident. Leitch further noted that the head imaging conducted shortly after the accident, as well as an MRI of her brain conducted four years later, did not show any signs of trauma. Similarly, as to her complaints of neck and mid-back pain, Leitch noted that cervical and thoracic spine imaging, respectively, showed no signs of trauma. Although Leitch noted prior imaging of defendant's lumbar spine indicated a small disc protrusion, she opined that the protrusion was "not associated with signs of trauma" and a common finding in MRIs, thus underlying her conclusion that the protrusion was unrelated to the accident. Leitch further noted that plaintiff's medical records indicated a significant history of chronic low-back and mid-back pain that plaintiff had received treatment for prior to the accident.
We initially conclude that the foregoing was insufficient to satisfy defendants' prima facie burden as to the 90/180-day category. Although Leitch's report concluded that plaintiff's claimed injuries were either unrelated to the accident or attributable to preexisting conditions, she failed to "adequately address [plaintiff's] condition or limitations within the first 180 days following the accident, which was necessary to foreclose [*3]the 90/180-day category of serious injury" (Poole v State of New York, 121 AD3d 1224, 1225 [3d Dept 2014] [internal quotation marks and citation omitted]; accord Murgia v Smith, 190 AD3d at 1235; see Cohen v Bayer, 167 AD3d 1397, 1402 [3d Dept 2018]; compare Sul-Lowe v Hunter, 148 AD3d 1326, 1328 [3d Dept 2017]). In the absence of any such proof directed at that category, the claim must survive. However, we do find that Leitch's conclusions were sufficient to meet defendants' prima facie burden that plaintiff had not suffered a serious injury under the permanent loss of use, permanent consequential limitation of use and significant limitation of use categories (see Rosenblum v Irby, 194 AD3d 1147, 1149 [3d Dept 2021]; Lavrinovich v Conrad, 180 AD3d 1265, 1267-1268 [3d Dept 2020]) and that any claimed injury lacked a causal connection to the accident (see Ni v O'Brien, 179 AD3d 1190, 1191 [3d Dept 2020]). Accordingly, the burden shifted to plaintiff to "come forward with objective medical evidence sufficient to create a question of fact regarding the existence of a serious injury caused by the accident" (Cross v Labombard, 127 AD3d 1355, 1356 [3d Dept 2015]; see Roulhac v Hermance, 180 AD3d 1192, 1193-1194 [3d Dept 2020]).
"Where, as here, a defendant comes forward with proof that the plaintiff suffers from preexisting conditions, the plaintiff must provide objective medical evidence distinguishing the preexisting condition[ ] from the injuries claimed to have been caused by the accident underlying the action" (Mesiti v Knight, 190 AD3d 1141, 1144 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Altman v Shaw, 184 AD3d 995, 997 [3d Dept 2020]). Notably, although plaintiff apparently reserved the right to allege aggravation of an asymptomatic or preexisting condition in her amended bill of particulars, the record does not reflect that she actually did so. To the contrary, plaintiff denied any recollection that her conditions existed prior to the accident (see Noor v Fera, 200 AD3d 1366, 1368-1369 [3d Dept 2021]). To that end, specific to her complaints of migraines, the affidavit of plaintiff's treating physician opined that the accident was an "activating and aggravating cause to [plaintiff] suffering from post concussion syndrome and anxiety" and that plaintiff "suffered from accident-related head pain and anxiety for approximately one year following the collision." However, the affidavit fails to provide any detail as to the resolution of her prior complaints of migraines and how her new symptoms were in any way distinct (see Lemieux v Horn, 209 AD3d at 1103; Noor v Fera, 200 AD3d at 1369; Smith v Cherubini, 44 AD3d 520, 520 [1st Dept 2007]; see also Foley v Cunzio, 74 AD3d 1603, 1605 [3d Dept 2010]). To that end, we find that such proof is insufficient to meet her burden of "provid[ing] objective medical evidence distinguishing the identified preexisting condition from the injuries claimed to have been caused by the [*4]instant accident" (Moat v Kizale, 149 AD3d 1308, 1313 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see Cohen v Bayer, 167 AD3d at 1401-1402; compare Vanalstyne v Gordon, 180 AD3d 1140, 1142 [3d Dept 2020]). In any event, plaintiff's physician further opined that "any future pain would not be related to the collision." Thus, to the extent that the postconcussion injury accounted for any symptoms after the accident, her physician's finding is fatal to her claims of permanency, and the remaining findings regarding the effects of her migraines fail to raise an issue of fact as to whether they established a significant limitation (see Scarincio v Cerillo, 195 AD3d 1266, 1269 [3d Dept 2021]; Jones v Marshall, 147 AD3d 1279, 1281 [3d Dept 2017]).
As to her remaining injuries, plaintiff's opposition lacks any objective medical proof establishing a serious injury. To that end, her submission of a report from a medical examination conducted in July 2016 noted that, although her injuries were causally related to the accident, plaintiff was "capable of performing all the tasks of daily living and maintaining full employment with no causally related restrictions," that no ongoing medical treatment or surgical intervention was necessary and that there was no effect on plaintiff's range of motion (see Scarincio v Cerillo, 195 AD3d at 1269; Mesiti v Knight, 190 AD3d at 1145; St. Clair v Giroux, 132 AD3d 1199, 1200 [3d Dept 2015]). Further, plaintiff's remaining proof is devoid of any professional medical assessment distinguishing the alleged serious injuries with her conditions that existed prior to the accident (see Cohen v Bayer, 167 AD3d at 1402; Thomas v Ku, 112 AD3d 1200, 1201 [3d Dept 2013]; see also Santiago v Riccelli Enters., Inc., 173 AD3d 1237, 1238 [2d Dept 2019]). To the extent plaintiff relies upon the disc protrusion in her lumbar spine imaging following the accident, such proof does not establish that the injury is "permanent in nature or that [it is] causally related to the accident out of which this action arose" (Gabianelli v Gerardi, 175 AD2d 468, 469 [3d Dept 1991]; see Haider v Rivera, 196 AD3d 799, 800 [3d Dept 2021]; see also Borrman v Bogold, 229 AD2d 949, 949 [4th Dept 1996]). Accordingly, we find that plaintiff's remaining claims of serious injury beyond the 90/180-day category were properly dismissed.
Garry, P.J., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury with respect to plaintiff's claim under the 90/180-day category; motions denied to that extent; and, as so modified, affirmed.